# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : <br> : <br> : <br> : **Civil Action No.** |
| **Plaintiff,** | : |
| v. | : <br> : <br> : |
| **BRENDA A. SMITH, BROAD REACH CAPITAL, LP, BROAD REACH CAPITAL, LLC, and BRISTOL ADVISORS, LLC,** | : <br> : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

## DECLARATION OF SCOTT A. THOMPSON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65

Kelly L. Gibson
Scott A. Thompson
John V. Donnelly III
Mark R. Sylvester

U.S. Securities and Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA  19103
(215) 597-3100
DonnellyJ@sec.gov
SylvesterM@sec.gov

Dated:  August 27, 2019

I, Scott A. Thompson, declare as follows:

1.  I am counsel for plaintiff Securities and Exchange Commission (the "Commission") in this action. I make this Declaration pursuant to Rule 65(b) of the Federal Rules of Civil Procedure in support of the Commission's *Ex Parte* Motion for a Temporary Restraining Order Freezing Assets, Granting Other Relief, and Order to Show Cause ("Motion").

2.  The Commission brings this civil law enforcement action on an emergency basis to halt ongoing misconduct by Defendants Brenda A. Smith, and three companies she controls, Defendants Broad Reach Capital, LP, Broad Reach Capital, LLC, and Bristol Advisors, LLC, as alleged in the Complaint and set forth in detail in the Motion and supporting papers.

3.  No advance notice of the filing of this action or of the Commission's request for emergency relief has been provided to the Defendants based on the Commission's concern that assets will be dissipated or transferred out of the United States if they are not frozen prior to alerting Defendants of this action. Defendants' egregious conduct, the degree of scienter involved, and Defendants' overseas ties—including a foreign office and Defendant Smith's possession of, not only a United States passport, but also at least one other passport issued by a foreign nation—necessitate this *ex parte* approach.

4. Likewise, it is necessary to freeze Defendants' assets to preserve the status quo and the Court's ability to order disgorgement of Defendants' ill-gotten gains, prejudgment interest, and a civil penalty if the Commission prevails on its claims. Absent an asset freeze, there is a substantial risk that Defendants, who have extensive foreign ties, will attempt to transfer the assets out of the United States or otherwise dissipate them. The facts underlying this concern are described in more detail in the accompanying documents, including the Complaint, Motion, supporting Memorandum of Law, and accompanying Declaration of Dustin E. Ruta and Exhibits thereto, filed today.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

*Scott A. Thompson*
Scott A. Thompson

Dated: August 27, 2019