# EXHIBIT 2

**FINANCIAL INDUSTRY REGULATORY AUTHORITY**
**LETTER OF ACCEPTANCE, WAIVER AND CONSENT**
**NO. 2017052325901**

TO:     Department of Enforcement
        Financial Industry Regulatory Authority ("FINRA")

RE:     Brenda Smith, Respondent
        CRD No. 4348518

Pursuant to FINRA Rule 9216 of FINRA's Code of Procedure, I, Brenda Smith ("Smith" or "Respondent"), submit this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described below. This AWC is submitted on the condition that, if accepted, FINRA will not bring any future actions against me alleging violations based on the same factual findings described herein.

**I.**

**ACCEPTANCE AND CONSENT**

A.      I hereby accept and consent, without admitting or denying the findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of FINRA, or to which FINRA is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by FINRA:

**BACKGROUND**

In October 2006, Smith first became registered with FINRA as a Financial and Operations Principal through an association with a member firm. Smith was registered through several FINRA member firms prior to purchasing CV Brokerage, Inc. (BD No. 462) ("CV Brokerage"). Beginning on May 12, 2010, Smith became registered with FINRA though CV Brokerage as a Financial and Operations Principal, General Securities Representative, and General Securities Principal. Smith subsequently became registered with FINRA through CV Brokerage as an Investment Banking Representative, Municipal Securities Principal, Operations Professional, Investment Banking Principal, and Compliance Officer. She remains registered through CV Brokerage, and currently serves as its Chief Executive Officer and Chief Compliance Officer, among other roles.

## RELEVANT DISCIPLINARY HISTORY

In January 2014, Smith entered into an AWC, in which she agreed to a ten business-day suspension and a $5,000 fine for failing to timely amend her Uniform Application for Securities Industry Registration or Transfer ("Form U4") to disclose an unsatisfied state tax lien, in violation of Article V, Section 2(c) of FINRA's By-Laws and FINRA Rules 1122 and 2010.[1]

## OVERVIEW

Smith failed to respond to a written request for documents and information issued pursuant to FINRA Rule 8210. As a result, Smith violated FINRA Rules 8210 and 2010.

## FACTS AND VIOLATIVE CONDUCT

FINRA Rule 8210(a)(1) states, in relevant part, that FINRA has the right to "require a member, person associated with a member, or any other person subject to FINRA's jurisdiction to provide information orally, in writing, or electronically... if requested, with respect to any matter involved in [an] investigation, complaint, examination, or proceeding." FINRA Rule 8210(c) further states that "[n]o ... person shall fail to provide information ... pursuant to this Rule." A violation of FINRA Rule 8210 is also a violation of FINRA Rule 2010.

On May 23, 2019, in connection with an ongoing FINRA investigation into potential misstatements about the financial performance of an investment fund that were made during the course of private securities transactions in which Smith participated, FINRA staff sent to Smith, pursuant to FINRA Rule 8210, a request for documents and information. As stated by Smith's counsel in a telephone call on June 4, 2019, and by this agreement, Smith acknowledges that she received FINRA's request but will not produce the requested documents and information at any time.

By refusing to provide documents and information requested pursuant to FINRA Rule 8210, Smith violates FINRA Rules 8210 and 2010.

B.   I also consent to the imposition of the following sanctions:

- a bar from associating with any FINRA member firm in any capacity.

---

[1]   *See Brenda A. Smith*, No. 2012034900402 (AWC Jan. 2014).

2

I understand that if I am barred or suspended from associating with any FINRA member, I become subject to a statutory disqualification as that term is defined in Article III, Section 4 of FINRA's By-Laws, incorporating Section 3(a)(39) of the Securities Exchange Act of 1934. Accordingly, I may not be associated with any FINRA member in any capacity, including clerical or ministerial functions, during the period of the bar or suspension (*see* FINRA Rules 8310 and 8311).

The sanctions imposed herein shall be effective on a date set by FINRA staff. A bar or expulsion shall become effective upon approval or acceptance of this AWC.

## II.

## WAIVER OF PROCEDURAL RIGHTS

I specifically and voluntarily waive the following rights granted under FINRA's Code of Procedure:

A.    To have a Complaint issued specifying the allegations against me;

B.    To be notified of the Complaint and have the opportunity to answer the allegations in writing;

C.    To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

D.    To appeal any such decision to the National Adjudicatory Council ("NAC") and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, I specifically and voluntarily waive any right to claim bias or prejudgment of the Chief Legal Officer, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance or rejection of this AWC.

I further specifically and voluntarily waive any right to claim that a person violated the ex parte prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## III.

### OTHER MATTERS

I understand that:

A.   Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs ("ODA"), pursuant to FINRA Rule 9216;

B.   If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against me; and

C.   If accepted:

1.   this AWC will become part of my permanent disciplinary record and may be considered in any future actions brought by FINRA or any other regulator against me;

2.   this AWC will be made available through FINRA's public disclosure program in accordance with FINRA Rule 8313;

3.   FINRA may make a public announcement concerning this agreement and the subject matter thereof in accordance with FINRA Rule 8313; and

4.   I may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. I may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects my: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party.

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it; that I have agreed to its provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein and the prospect of avoiding the issuance of a Complaint, has been made to induce me to submit it.

June 14, 2019
Date (mm/dd/yyyy)

Brenda Smith
Respondent Brenda Smith

4

Reviewed by:

Thomas J. McCabe, Esq.
Counsel for Respondent
2389 Yorktown Street
Oceanside, New York 11572
Tel: (212) 248-7200
E-Mail: tmccabe@mfalaw.com

Accepted by FINRA:

_____7/2/19_____
Date

Signed on behalf of the
Director of ODA, by delegated authority

Karen C. Daly
Principal Counsel
FINRA Department of Enforcement
1601 Market St., Suite 2700
Philadelphia, PA 19103
Tel: (215) 209-7090
Fax: (215) 496-0434
E-Mail: karen.daly@finra.org

6