UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA SMITH, et al.<br><br>Defendants. | Civil Action No.: 2:19-CV-17213-MCA-ESK |

**CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES OF ESTATE CREDITORS MCCORMACK AND KOPPENHEFFER IN OPPOSITION TO MOTION TO LIFT STAY**

Estate Creditors Scott Koppenheffer ("Koppenheffer") and William McCormack ("McCormack"), by and through undersigned counsel, propound their opposition to Plaintiff's Motion to Lift the Stay in this Matter (Docket No. 49) to proceed against various parties in pending civil litigation in the United States District Court for the Eastern District of Pennsylvania entitled Surefire Dividend Capture, LP v. Smith, et al., No. 19-04088 (E.D. Pa.) (the "Pennsylvania Litigation").

## I. BRIEF STATEMENT OF RELEVANT FACTS

The Motion seeks to essentially have the Receiver's claims prosecuted against various parties based in New Jersey and elsewhere through the *same* matter pursued by a creditor, Surefire Dividend Capture, LP ("Surefire") in a court 84 miles away. No formal assignment of any claims between the Receivership and Surefire is evident and there is virtually no discussion by the Receiver as to any analysis of costs and benefits of this unusual arrangement. In fact, the Receiver points to no cases whatsoever where such an arrangement has been permitted, let alone financed by a receivership estate.

To be clear, Movants do not oppose litigation iintended to benefit the estate generally. But any such litigation must evidence sound business judgment. The Receiver fails in that respect here, especially since one of the putative defendants is within this District.

## II. ARGUMENT

Litigation stays in receiverships are to "prevent duplicative and piecemeal litigation that would only dissipate the limited assets of the Receivership Estate and thus reduce the amounts ultimately distributed by the Receiver to the claimants." *SEC v. Temme*, No. 4:11-cv-655, 2014 WL 1493399 (E.D. Tex. Apr. 16, 2014). While a Court must give deference to a receiver's litigation strategies and decisions, this Receivership specifically provides that the Receiver himself must move to lift a litigation stay if such litigation is to be pursued. See Receiver's Brief (Doc. 49) at Pages 4-5. Inherent here is that the Receiver must provide at least some modicum of legal and factual analysis to pursue litigation outside of this Court. A receiver must use sound business judgment in litigating potential claims by or against the estate, and that judgment is not insulated from opposition by interested parties. *See New York Life Ins. Co. v. Waxenberg*, 807-CV-401-T-27TGW, 2009 WL 632896, at *2-5 (M.D. Fla. Mar. 11, 2009) (awarding attorney fees against the receiver for, the failure of the receiver to respond to an offer of judgment). In the instant case, the Receiver has offered no cost analysis or any justification whatsoever for pursuing claims in the manner sought here.

The need for litigation outside of this Court by the Receiver is questionable. A receiver has complete jurisdiction over property located within the jurisdiction in which he is appointed. If the estate has real or personal property in other jurisdictions, the receiver can obtain "complete jurisdiction" over that property by filing a copy of the complaint and the order of appointment within ten days of his appointment in the district court in which the property is located. 28

U.S.C.A. § 754. Given that at least one of the parties that the Receiver seeks to sue is within this District, the need for litigating in another district would appear to be not well-taken.

The *Flight Transportation* or *Drexel* factors for receivership settlements are useful references to ascertain what a Receiver similarly situated as the one must show to justify litigation. Those factors are: (a) the probability of success in the litigation; (b) the likely difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors; and, when applicable, (e) whether the receiver's intended course promotes the integrity of the judicial system. See *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929); *In re Flight Transp. Corp*., 730 F.2d 1128, 1135 (8th Cir. 1984).

The Receiver's Motion is devoid of any such discussion of the merits of the cases to be pursued, let alone the intended prosecution of them in a court 84 miles away. There is no discussion as to why collection would be made easier in that distant court rather than this one. Nor is there any discussion as to the travel costs that the estate will incur as a result of having complex litigation under the supervision of a court other than this one. There is no discussion of the "factual overlap" that serves as the gravamen for the Receiver's request to combine litigation with the bespoke claims of a specific creditor while bearing different standing and powers than an ordinary litigant. None of this appears from a cost/benefit standard to be of positive monetary interest to the estate. If the Receiver indeed has that belief and can back it up with facts and analysis, then it should be provided to this Court as the Receivership Order anticipates.

## CONCLUSION

For the foregoing reasons, the Receiver's Motion should be denied. While the Court has indicated that ruling on the Motion would be on the papers, Movants respectfully suggest that oral argument would be appropriate for its disposition once fully briefed.

Dated: March 15, 2021

Respectfully submitted,

*/s/ Michael E. Adler*
Michael E. Adler (82205)
**LAW OFFICE OF MICHAEL E. ADLER**
20 Meredith Road
Wynnewood, PA 19096
Tel: (215) 485-0542
Email: madler9000@yahoo.com

Of counsel:

*/s/_Robert V. Cornish, Jr.*__________

**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
680 South Cache Street, Suite 100
Jackson, WY 83001
Tel: (307) 264-0535
Fax: (571) 290-6052
Email: rcornish@rcornishlaw.com

*Attorneys for Defendants Koppenheffer and McCormack*

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and forgoing was served on counsel of record on March 16, 2021 by operation of the Court's ECF system, with the assistance of the court clerk to address issues with the ECF system.

*/s/ Robert V. Cornish, Jr.*
Robert V. Cornish, Jr.